**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 4:20-CR-00691-SRC-NCC |
| ) | |
| LESTER A. BULL, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO SUPPRESS STATEMENTS**

Now Comes defendant, LESTER A. BULL, through counsel, Stephen Williams, and moves this Court to Suppress the statements made by Mr. Bull to law enforcement on October 12th, 2020.  In support thereof, Defendant states:

1. Mr. Bull was arrested by federal authorities in connection with the pending charges on October 9th, 2020 sometime in mid-afternoon that day.  (Docs. 1 & 2).

2. Mr. Bull was later interviewed by law enforcement on October 12th, 2020 (Columbus Day) – at a minimum, more than 60 hours after his arrest. (Ex. 1)

3. Mr. Bull was not brought before a magistrate judge to appear on the Complaint until October 15th, 2020. (Doc. 13).

4. Rule 5(a)(1)(A) of the Federal Rules of Criminal Procedure requires that defendants be brought before the Court for presentment to a magistrate judge (or state judicial officer) "without unnecessary delay." This prompt presentment requirement is also built into the Fourth Amendment to the United States Constitution which also requires presentment within a reasonable period of time.

5. Courts have adjudged a period of 48 hours to be presumptively reasonable –

inclusive of weekends and holidays. *See County of Riverside v. McLaughlin,* 500 U.S. 44, 58 – 59 (1991); *United States v. Chavez,* 705 F.3d 381, 383 (8th Cir. 2013). Importantly, delay solely based on intervening weekends and holidays does not excuse prompt presentment. *County of Riverside,* 500 U.S. at 58 – 59.

6. Mr. Bull's statements were therefore obtained after the time required for presentment to the Court under both Rule 5 of the Federal Rules of Criminal Procedure and the Fourth Amendment.

7. The proper remedy for a delay in presentment under both Rule 5 and the Fourth Amendment is the suppression of any statements obtained during after the period of unwarranted delay. *McNabb v. United States,* 318 U.S. 332 (1943); *Mallory v. United States,* 354 U.S. 449 (1957); *Corley v. United States,* 556 U.S. 303, 322 (2009) (recognizing abrogation of *McNabb-Mallory* by 18 U.S.C. § on grounds irrelevant to this case); *Chavez,* 705 F.3d at 385 – 86; *United States v. Casillas,* 792 F.3d 929, 930 (8th Cir. 2015); *see also generally United States v. McCottrell,* 2020 U.S. Dist. LEXIS 89556 at *25 -28 (E.D. Mo).

8. Here, Mr. Bull's presentment to a judicial officer was unnecessarily delayed and ran afoul of both Rule 5 of the Federal Rules of Criminal Procedure and the Fourth Amendment to the United States Constitution. And his statements were obtained after any period of necessary or reasonable delay. The statements should therefore be suppressed.

WHEREFORE, Defendant prays this Court GRANT his motion and Suppress his statements of October 12th, 2020.

Respectfully Submitted,

/s/STEPHEN C. WILLIAMS
MO Bar #50162
Kuehn, Beasley & Young, P.C.
23 South 1st Street
Belleville, IL   62220
Telephone: (618) 277-7260
Fax: (618) 277-7718
Swilliams@kuehnlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May  14, 2021, I electronically filed the MOTION TO SUPRESS STATEMENTS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/STEPHEN C. WILLIAMS
Kuehn, Beasley & Young, P.C.
23 South 1st Street
Belleville, IL   62220
Telephone: (618) 277-7260
Fax: (618) 277-7718
Swilliams@kuehnlawfirm.com