UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cr-00691-SRC |
| | ) |
| LESTER A. BULL and | ) |
| CHARLES STROZIER, | ) |
| | ) |
| Defendants. | ) |

## Order

Two defendants in this multi-defendant drug-distribution conspiracy case, Lester A. Bull and Charles Strozier, filed various motions to suppress; after conducting two evidentiary hearings, the Magistrate Judge recommended the denial of the motions. These defendants then filed objections to the Magistrate Judge's Report and Recommendation, claiming that delays in their presentment necessitate that the Court suppress statements and evidence that law enforcement obtained following their arrest. Strozier additionally insists that alleged Fourth-Amendment violations mandate the suppression of evidence. Having conducted a de novo review of the record and the law, the Court finds no Rule 5 or Fourth Amendment violation and overrules the objections.

I.  **Procedural background**

Pending before the Court are Bull's Motion to Suppress Statements, Doc. 130, and Motion to Suppress Evidence, Doc. 170, and Strozier's Motion to Suppress Evidence for Violation of Rule "5A(1)(a) [sic]" of the Federal Rules of Criminal Procedure, Doc. 181, and Motion to Suppress Physical Evidence in Violation of Defendant's Fourth Amendment Rights,

Doc. 182[1]. The Court referred Bull's and Strozier's motions to United States Magistrate Judge Noelle C. Collins. *See* 28 U.S.C. § 636(b). After holding two evidentiary hearings, Judge Collins issued a Report and Recommendation detailing her factual findings, legal conclusions, and recommendation on Bull's and Strozier's motions. Doc. 231; *see also* Docs. 130, 136, 138, 157, 170, 175, 179, 181, 182, 188, 191-1, 191-2, 192, 211, 219. The Report and Recommendation recommends that the Court deny Bull's and Strozier's motions. Doc. 231 at p. 26. Bull and Strozier filed separate objections to the Report and Recommendation, Docs. 239, 245, 246, and the United States filed a response, Doc. 248; neither Bull nor Strozier filed any replies. As such, the matter is now ripe for ruling.

**II.     Standard**

When a party objects to a magistrate judge's report and recommendation, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)). In making its de novo determination, the Court reviewed the entire record, including the transcripts of the July 20, 2021, and November 30, 2021, evidentiary hearings as well as the exhibits entered into evidence at those hearings. *See* Docs. 130, 136, 138, 157, 170, 175, 179, 181, 182, 188, 191-1, 191-2, 192, 211, 219, 231, 239, 246.

---

[1]Strozier also filed a motion to suppress statements he made at the St. Ann Police Department on October 12, 2020, citing a Rule 5 violation as the basis. Doc. 183. However, Strozier orally withdrew his motion after the United States confirmed that it "does not intend to introduce the statement made by [Strozier]." Doc. 192 at p. 7; Doc. 219, Evid. Tr. 2 at 11:7–12:5.

Strozier does not raise any specific objections to Judge Collins's Report and Recommendation, just general ones. *See* Doc. 246. The Court discourages this practice, as it fails to identify specific findings or conclusions that Strozier claims should have been decided differently, or why. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those ***portions of*** the report or ***specified*** proposed findings or recommendations to which objection is made." (emphasis added)). Nonetheless, the Court has conducted a de novo review, and sets forth its findings below. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).

### III. Discussion

#### A. Findings of fact

Neither Bull nor Strozier specifically objects to the findings of fact in the Report and Recommendation. Nonetheless, the Court has conducted a de novo review and finds that Judge Collin's has accurately set forth the facts supported by the record. Accordingly, the Court adopts, incorporates, and sustains all findings of fact as set forth in Judge Collins's Report and Recommendation. Doc. 231.

#### B. Conclusions of law

##### 1. Bull's motions

Bull's two motions, Docs. 130 and 170, turn on whether the United States violated his rights under the Fourth Amendment and Rule 5 by failing to present him to a judge for a timely initial appearance.

###### a. The Fourth Amendment and the 48-hour rule

Bull and Strozier erroneously assert that the Supreme Court's decisions in *Gerstein v. Pugh*, 420 U.S. 103 (1975) and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991) tether

3

Rule 5 to the Fourth Amendment. *See* Docs. 130, 170, 181.   Neither *Gerstein* nor *Riverside* even mentions Rule 5, and the Eight Circuit has ruled that the *Gerstein/Riverside* 48-hour standard and Rule 5 are conceptually distinct.

In *Gerstein,* the Supreme Court "held that the Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention following a warrantless arrest."  *Riverside,* 500 U.S. at 45(citing *Gerstein*).   In making a probable cause determination required by the Fourth Amendment:

> The sole issue is whether there is probable cause for detaining the arrested person pending further proceedings.  This issue can be determined reliably without an adversary hearing.  The standard is the same as that for arrest.  That standard— probable cause to believe the suspect has committed a crime—traditionally has been decided by a magistrate in a nonadversary proceeding on hearsay and written testimony, and the Court has approved these informal modes of proof.

*Gerstein,* 420 U.S. at 120.

In *Riverside*, the Supreme Court acknowledged that the Constitution does not contain a specific time limit, and adopted a 48-hour outside limit to satisfy *Gerstein*'s promptness requirement: "a jurisdiction that chooses to offer combined proceedings must do so as soon as is reasonably feasible, but in no event later than 48 hours after arrest."   500 U.S. at 57; *see also* 500 U.S. at 56 ("[W]e hesitate to announce that the Constitution compels a specific time limit…[but] we believe that a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*.   For this reason, such jurisdictions will be immune from systemic challenges.").

In *Chavez*—cited by both Bull and Strozier—the Eighth Circuit noted that "Rule 5(a) and the *Gerstein/Riverside* standard, while related and analogous, are distinct concepts."   *United States v. Chavez*, 705 F.3d 381, 383 n.2 (8th Cir. 2013) (citing *United States v. Garcia– Echaverria*, 374 F.3d 440, 452 n.17 (6th Cir. 2004) ("It is not entirely clear to what extent the

4

[*Riverside*] rule and Fed. R. Crim. P. 5(a) overlap."), and *United States v. Encarnacion*, 239 F.3d 395, 398 n.2 (1st Cir. 2001) ("While the Rule 5(a) and Fourth Amendment contexts are certainly analogous, the 48–hour rule is a requirement of the Fourth Amendment, not Rule 5(a)." (citation omitted) (internal quotation marks omitted)); *see also* Doc. 130 at p. 2; Doc. 170 at p. 2; Doc. 181 at p. 2.   Regardless, the *Gerstein/Riverside* Fourth-Amendment standard requires not a *hearing* but a judicial *determination of probable cause* within 48 hours of arrest.   500 U.S. at 57. Under Rule 4(a), a judge's issuance of an arrest warrant necessarily entails a probable-cause determination.   *See* Fed. R. Crim. P. 4(a) ("If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant . . ."); *see also Green v. Byrd*, 358 F. Supp. 3d 782, 794–95 (E.D. Ark. 2018) ("The Fourth Amendment does not require a suspect to be present for the probable cause determination when that determination is made in the context of an application for a warrant."), *aff'd,* 972 F.3d 997 (8th Cir. 2020).

On de novo review, the Court finds that by issuing arrest warrants, a Magistrate Judge made a judicial determination of probable cause within 48 hours of the arrests of Bull and Strozier; therefore, no Fourth-Amendment violation occurred.   Neither Bull nor Strozier had a probable-cause *hearing* within 48 hours of arrest, but U.S. Magistrate Judge Shirley Padmore Mensah made probable-cause determinations within 48 hours of their arrest—in compliance with *Gerstein* and *Riverside*—by issuing arrest *warrants*.   *See* Docs. 23–24; *see also* Fed. R. Crim. P. 4(a).   As such, the Court overrules Bull's and Strozier's objections as to their Fourth-Amendment delay-in-presentment arguments, Docs. 239, 246.

### b. Rule 5(a)

The Court next addresses whether a Rule 5 violation occurred. The common-law rule of "prompt presentment" required an arresting officer to bring a prisoner before a magistrate "as soon as he reasonably could." *Corley v. United States*, 556 U.S. 303, 306 (2009). In 1943, the Supreme Court examined the question of how to enforce a number of federal statues codifying the presentment rule. *See McNabb v. United States,* 318 U.S. 332, 342 (1943) (citing, among others, 18 U.S.C. § 595 (1940), which provided that "[i]t shall be the duty of the marshal, his deputy, other officer who may arrest a person . . . to take the defendant before the nearest . . . judicial officer . . . for a hearing"). In *McNabb,* federal agents, in "flagrant disregard" of the prompt-presentment requirement, interrogated several murder suspects for days, and only after the suspects had confessed, did they bring them before a magistrate. 318 U.S. at 334–338, 345. Finding the confessions were obtained during a period of unreasonable delay, the Supreme Court held them inadmissible. *Id.* at 347.

"Shortly after *McNabb,* the combined action of the Judicial Conference of the United States and Congress produced Federal Rule of Criminal Procedure 5(a), which pulled the several statutory presentment provisions together in one place." *Corley,* 556 U.S. at 307; *see also Mallory v. United States,* 354 U.S. 449, 452 (1957) (describing Rule 5(a) as a "compendious restatement, without substantive change, of several prior specific statutory provisions"). As first enacted, the rule required "[a]n officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant [to] take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States." Fed. R. Crim. P. 5(a) (1946). The rule remains very similar today: "A person making an arrest

6

within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise." Fed. R. Crim. P. 5(a)(1)(A) (2014).

The Supreme Court applied Rule 5(a) in *Mallory v. United States*, 354 U.S. 449 (1957). In *Mallory*, the Supreme Court reiterated that interrogation is the epitome of "unnecessary delay" and held that a confession given seven hours after arrest was inadmissible for "unnecessary delay" in presenting the suspect to a magistrate, where the police questioned the suspect for hours "within the vicinity of numerous committing magistrates." 354 U.S. at 455. "Thus, the rule known simply as *McNabb–Mallory* 'generally render[s] inadmissible confessions made during periods of detention that violat[e] the prompt presentment requirement of Rule 5(a).'" 556 U.S. at 309 (quoting *United States v. Alvarez–Sanchez,* 511 U.S. 350, 354 (1994)).

In 1968, Congress modified the *McNabb-Mallory* rule by enacting 18 U.S.C. § 3501. *Corley,* 556 U.S. at 309.   Subsection (c) provides what has become known as a six-hour safe harbor: in any federal prosecution, "a confession made . . . by . . . a defendant therein, while such person was under arrest . . ., shall not be inadmissible solely because of delay in bringing such person before a magistrate judge . . . if such confession is found by the trial judge to have been made voluntarily . . . and if such confession was made . . . within six hours [of arrest]"; Congress extended the 6-hour time limit when further delay is "reasonable considering the means of transportation and the distance to be traveled to the nearest available [magistrate judge]."   18 U.S.C. § 3501(c); *Corley*, 556 U.S. at 310.

In *Corley*, the Supreme Court examined 18 U.S.C. § 3501's impact on the *McNabb-Mallory* exclusionary rule, holding that in enacting 18 U.S.C. § 3501, Congress intended to *limit* the *McNabb-Mallory* presentment-exclusionary rule , *not eliminate* it, and that "[i]f the

7

confession occurred before presentment and beyond six hours . . . the court must decide whether delaying that long was unreasonable or unnecessary under the *McNabb–Mallory* cases, and if it was, the confession is to be suppressed." *Id.* at 319–22; *see also United States v. Casillas,* 792 F.3d 929, 930 (8th Cir. 2015). "*McNabb–Mallory* 'generally render[s] inadmissible confessions made during periods of detention that violat[e] the prompt presentment requirement of Rule 5(a).'" *Corley*, 556 U.S. at 309 (quoting *United States v. Alvarez–Sanchez*, 511 U.S. 350, 354 (1994)).

A *McNabb-Mallory* challenge requires a district court to make two determinations. *Id.*; *see also United States v. Boche-Perez*, 755 F.3d 327, 336 (5th Cir. 2014). First, the court must determine the length of delay. *Id.* The *McNabb-Mallory* clock runs from when the obligation to take the defendant before the federal magistrate arises to the point at which the confession was rendered. *See Bright v. United States,* 274 F.2d 696, 697 (8th Cir. 1960); *Boche-Perez,* 755 F.3d at 336 n.3 (collecting cases). "If that period is shorter than six-hours, or alternatively, any extension of the safe harbor 'considering the means of transportation and the distance to be traveled to the nearest available such magistrate judge or other officer,' 18 U.S.C. § 3501(c), then the *McNabb–Mallory* inquiry is at an end." *Boche-Perez*, 755 F.3d at 336. However, "if the length of the delay is determined to fall outside of the § 3501(c) safe harbor, then the court needs to move on to the second step of the analysis and examine whether the causes of the delay were justifiable under the *McNabb–Mallory* cases." *Id.*

i.      **Length of delay**

Federal authorities arrested Bull in the afternoon of Friday, October 9, 2020. Doc. 219, Evid. Tr. 2 at 24:6–25:10 (TFO Lanham's testimony). On Monday, October 12, 2020, Bull requested a meeting with law enforcement. Doc. 157, Evid. Tr. at 21:21–22:3 (CO Martinez's

8

testimony); 25:15–32:3 (TFO Lanham's testimony).  Approximately 60 hours after his arrest, Bull met with law enforcement, waived his *Miranda* rights, made incriminating statements, and signed a consent form for authorities to search his residence located at 15 Columbus Square in St. Louis.  *Id.* at 26:14–33:3 (TFO Lanham's testimony).  No evidence in the record indicates that law enforcement interrogated or coerced Bull to provide any information, and Bull makes no argument to the contrary.  *See* Doc. 130, 138, 170, 179.The parties agree that Bull's incriminating statements were made before presentment and beyond the six-hour safe harbor set forth in 18 U.S.C. § 3501(c); the Court accordingly proceeds to the second step of the analysis and examines whether the causes of Bull's delay in presentment were justifiable under the *McNabb–Mallory* cases.  *See Corley*, 556 at 313–14.

### ii.     Reasonableness of delay

Bull claims that his delay in presentment was unreasonable and unnecessary, and therefore, the statements he made, and the evidence obtained from a search of his residence that he consented to, must be suppressed.  Docs. 130, 170.  However, the Court finds that the passage of time from Bull's Friday-afternoon arrest to Bull's presentment on the next business day was reasonable under the circumstances.

The evidence shows that the United States and Task Force Officer Eric Lanham originally planned to have the Duty Judge,[2] Judge Mensah, sign the search warrant for 36 Patricia Avenue at 1:00 p.m. on Friday, October 9, 2020; however, Judge Mensah pushed back the signing time at least twice, to approximately 4:59 p.m.  Doc. 219, Evid. Tr. 2 at 21:21–25; *id.* at 25:15–21 (TFO Lanham's testimony).  With surveillance ongoing that day, law enforcement made the decision to tighten up on the surveillance on 36 Patricia Avenue sometime

---

[2]In this Court, on any given day, one Magistrate Judge handles "duty," which includes review and issuance of warrants for searches and for arrests.

9

after 1:00 p.m., and detain anybody who attempted leave. *Id.* at 24:6–8. A short time later, Bull exited the residence and officers attempted to detain him; however, Bull took off running, and officers pursued him on foot. *Id.* at 24:8–11. Officers later found Bull several houses down from 36 Patricia Avenue, hiding in a doghouse. *Id.* at 24:12–14. At that point, law enforcement feared that Strozier was still inside 36 Patricia Avenue potentially destroying evidence. *Id.* at 24:15–25:14. Shortly after 1:00 p.m., officers decided to enter 36 Patricia Avenue to secure Strozier and the residence. *Id.* Officers then waited until Judge Mensah signed the search warrant for 36 Patricia Avenue to execute the warrant and search the residence. *Id.* at 25:22–26:5; 26:6–16.

In sum, the record not only reflects that law enforcement arrested Bull after Judge Mensah's 1:00 p.m. criminal-duty docket on Friday, October 9, 2020, but it also reflects that Judge Mensah was not readily available on Friday afternoon.

Procedures instituted to ensure protection of detainees during the COVID-19 pandemic also frame context for the timing of Bull's presentment to a judge. Additionally, Supervisory Deputy U.S. Marshal Anne Alred testified that at the time of Bull's arrest, the U.S. Marshals Services had invoked "a 24-hour holding period at jail facilities so that defendants could be monitored for COVID-like symptoms . . .." Doc. 219, Evid. Tr. 2 at 6:22–7:5 (Deputy Alfred's testimony). Deputy Alred also confirmed that if an individual is arrested on a Friday, in light of adhering to the COVID-19 precautions, the earliest that they would be seen is Monday. *Id.* at 8:1–13. Based on these factors, the Court finds any delay in presenting Bull on Friday afternoon was not unreasonable in light of the time of Bull's arrest, the U.S. Marshals' COVID-19 policy, and the magistrate's unavailability.

As for the holiday-weekend delay, weekend delays are reasonable when the magistrate judge is unavailable. As the Fifth Circuit noted in *Boche-Perez*, "A magistrate can be considered unavailable due to a host of reasons including: a busy docket; a closed court; or other factors, such as distance and weather, that make transportation impractical, futile, and/or dangerous." 755 F.3d at 338; *see also United States v. Van Poyck,* 77 F.3d 285, 289 (9th Cir. 1996) ("An overnight or weekend delay in arraignment due to the unavailability of a magistrate does not by itself render the delay unreasonable under § 3501(c)"); *United States v. Rubio,* 709 F.2d 146, 153 (2d Cir. 1983) (finding weekend delay with no purposeful postponement of arraignment, and no lengthy, hostile, or coercive interrogation which caused the appellant prejudice reasonable); *United States v. Mendoza*, 473 F.2d 697, 702 (5th Cir. 1973) (finding delay between Saturday morning arrest and Monday morning arraignment reasonable); *Gregory v. United States*, 364 F.2d 210, 213 (10th Cir. 1996), *cert. denied*, 385 U.S. 962 (1966) (finding delay between Friday night arrest and Monday morning arraignment reasonable); *United States v. Collins*, 349 F.2d 296, 298 (6th Cir. 1965) (same).

Here, Bull's arrest happened the Friday before a holiday weekend. While Rule 56 of the Federal Rules of Criminal Procedure provides that "[a] district court is considered always open for any filing, and for issuing and returning process, making a motion, or entering an order," it also provides that "[t]he clerk's office . . . must be open during business hours on all days *except* Saturday, Sunday, and legal holidays." Fed. R. Crim. P. 56(a)–(b) (emphasis added). Thus, it is reasonable that magistrates and Court personnel are not readily available to hold an initial-appearance hearing after hours, over a weekend, or on a legal holiday such as Columbus Day. *See* 5 U.S.C. § 6103(a) (declaring Columbus Day, the second Monday in October, a legal public holiday). And as the Ninth Circuit has noted, "[s]tate and local judges are just as likely to be

11

unavailable for arraignments on nights and weekends as a federal magistrate judge." *Van Poyck*, 77 F.3d at 289–90.

Thus, on de novo review, the Court finds that the delay in Bull's presentment—Friday afternoon on Friday, October 9, 2020, through Columbus Day to the next business day, October 13, 2020—was not unreasonable under the *McNabb–Mallory*. The Court therefore overrules Bull's objections, Doc. 239, and denies his Motion to Suppress Statements, Doc. 130, and Motion to Suppress Evidence, Doc. 170.

### 2. Strozier's motions

#### a. Delay in presentment

With respect to Strozier's Motion to Suppress Evidence for Violation of Rule "5A(1)(a) [sic]" of the Federal Rules of Criminal Procedure, Doc. 181, Strozier's circumstances differ from Bull's in that the United States is not seeking to admit the statement he made over 60 hours after his arrest on October 12, 2020—before presentment. Doc. 192 at p. 7. As such, Strozier orally moved to withdraw his motion to suppress the statement, Doc. 183, making the issue moot. *See* Doc. 219, Evid. Tr. 2 at 11:7–12:5. As for the evidence Strozier seeks to suppress, the Court denies Strozier's motion to suppress the evidence on the basis of a Rule 5 violation because the evidence he seeks to suppress resulted from law enforcement's executing a search warrant that law enforcement and the United States submitted to the Court before Strozier's arrest. Doc. 192 at p. 4; Doc. 219, Evid. Tr. 2 at 21:14–23 (TFO Lanham's testimony). The evidence did not result from statements he made during any alleged delay in presentment. Thus, the Court denies Strozier's Motion to Suppress, Doc. 181, and overrules all objections as to the motion.

### b. Warrantless entry

Strozier's second motion, Doc. 182, in which Bull joins, turns on whether Strozier's Fourth Amendment rights were violated by law enforcement's warrantless, forceable entry into 36 Patricia Avenue. In Strozier's view, officers lacked sufficient evidence for a warrantless entry, and the time it took for signing the search warrant after his arrest was unreasonable. *Id.* at p. 2. However, on de novo review, the Court finds that Judge Collins properly: 1) credited TFO Lanham's testimony; 2) found that law enforcement had probable to cause to perform a protective sweep; and 3) found that law enforcement had probable cause to arrest Strozier without a warrant. Therefore, for the reasons more fully set forth in Judge Collins's Report and Recommendation, the Court finds that law enforcement did not violate Strozier's Fourth Amendment rights by entering 36 Patricia Avenue without a warrant due to the exigent circumstances and to ensure that neither Strozier nor anyone else disposed of evidence. As such, the Court overrules Strozier's objections as to his warrantless-entry argument, Doc. 246.

## IV.  Conclusion

The Court sustains, adopts, and incorporates United States Magistrate Judge Collins's [231] Report and Recommendation as modified by this order, and overrules Defendant Lester A. Bull's objections, Doc. 239, and Defendant Charles Strozier's objections, Doc. 246.

Additionally, the Court denies Defendant Lester Bull's [130] Motion to Suppress Statements and [170] Motion to Suppress Evidence and Defendant Charles Strozier's [181] Motion to Suppress Evidence for Violation of "Rule 5A(1)(a) [sic]" of the Federal Rules of Criminal Procedure and [182] Motion to Suppress Physical Evidence in Violation of Defendant's Fourth Amendment Rights.

On February 23, 2022 at 9:00 a.m., the Court will hold a final-pretrial conference in Courtroom 14-North. Trial of this matter remains set for February 28, 2022 at 9:00 a.m.

Dated this 22nd day of February 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE